IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-00-4-L |
| | ) | No. CIV-03-1199-L |
| DARRICK JERMAINE LONDON, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

On March 7, 2000, a federal grand jury returned an 18-count superseding

indictment against defendant and co-defendant, Marcus Earl Williams.  On May 5,

2000, defendant pled guilty to Count 1 of the superseding indictment, which charged

him with conspiracy to possess with intent to distribute cocaine powder and cocaine

base.   In return for his plea of guilty, the government agreed to dismiss the

remaining 15 counts against him.  Plea Agreement at ¶ 16.  In exchange, defendant

> knowingly and voluntarily waive[d] his right to appeal or
> collaterally challenge:
>
>     a.  Defendant's guilty plea and any other aspect of
> his conviction . . . .
>
>     b.  Defendant's sentence as imposed by the Court
> and the manner in which the sentence is determined,
> provided the sentence is within or below the applicable
> guideline range determined by the Court to apply to this
> case . . . provided that (i) defendant specifically does not
> waive the right to appeal an upward departure from the
> sentencing guideline range determined by the Court to
> apply to this case, and (ii) his waiver of rights to appeal

and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Id. at ¶ 8 (emphasis in original).

Pursuant to Fed. R. Crim. P. 32, the presentence investigation report was disclosed to counsel for defendant who thereafter submitted numerous objections on defendant's behalf.  The court held an evidentiary hearing on defendant's objections over a two-day period in February 2001.  Based on the court's rulings at the conclusion of the hearing, defendant's sentence under the United States Sentencing Guidelines was life in prison.  On February 8, 2001, the court imposed a life sentence on defendant.[1]  That same date, notwithstanding the waiver of his appeal rights, defendant filed a notice of appeal.  In an Order and Judgment issued February 20, 2002, the Court of Appeals for the Tenth Circuit dismissed defendant's appeal based on defendant's waiver.  Defendant timely filed a petition for writ of certiorari.  The United States Supreme Court denied the petition on October 7, 2002.

This matter is before the court on defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant's initial filing seeks relief on seven grounds.  First, he alleges he received ineffective assistance of counsel in the negotiation of the plea agreement and its

---

[1]The court's written Judgment in a Criminal Case was entered on the docket on February 20, 2001.

concomitant waiver of rights.  He claims his attorney misinformed him of the likely sentence he would receive and did not properly advise him that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), required the government to charge and prove beyond a reasonable doubt the type and quantity of the drugs at issue.  Grounds Two and Three of the motion allege defendant's guilty plea was not knowing and voluntary. In Ground Two he argues the government allowed defendant to believe he would be sentenced to 30 years imprisonment but then provided information to the court that increased defendant's Guideline range to life imprisonment.  In Ground Three he claims the government violated *Apprendi* because the superseding indictment was silent as to the type and quantity of contraband and the court's findings with respect to that issue was based on the wrong standard of proof.  Ground Four asserts defendant has not waived his right to collaterally attack his conviction and sentence because of intervening Tenth Circuit and United States Supreme Court cases. Ground Five alleges that because of *Apprendi* violations defendant's maximum sentence is twenty years.  In Ground Six, defendant claims his trial counsel was ineffective because he did not properly argue against imposition of enhancements based on defendant's role in the offense and his alleged obstruction of justice. Defendant's final assertion in the initial motion claims the guilty plea to the conspiracy count is invalid because no conspiracy existed.  On July 12, 2004, defendant supplemented his 2255 motion to assert the court violated <u>Blakely v. Washington</u>, 524 U.S. 296 (2004), during sentencing.

The government argues defendant's initial motion and the supplement are barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2255 to provide a one-year statute of limitations for the filing of collateral challenges to federal convictions. The limitations period runs from the latter of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Defendant's conviction became final on October 7, 2002 when the United States Supreme Court denied certiorari. His initial motion was filed August 28, 2003,[2] well before the statute ran. The government's assertion that the

---

[2]Defendant's memorandum of law in support of his § 2255 motion contains a certificate of mailing signed by defendant declaring under penalty of perjury that "this document was given to prison officials on August 28, 2003 for forwarding to the United States District Court for the Western District of Oklahoma." Memorandum of Law in Support of Motion Filed Under 28 USC § 2255 at 40. Pursuant to the prison mailbox rule, the motion is deemed filed when defendant gave it to prison authorities for mailing. *See* Hoggro v. Boone, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); *see also* Houston v. Lack, 487 U.S. 266, 270 (1988) (holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the district court"). In this

initial motion is untimely is simply wrong.  The claim asserted in the supplement,

however, can only be considered timely if it relates back to the filing date of the

original 2255 motion.  In <u>United States v. Espinoza-Saenz</u>, 235 F.3d 501 (10th Cir.

2000), the Court held

> that pursuant to Rule 15(c), an untimely amendment to a
> § 2255 motion
>
>> which, by way of additional facts, clarifies or
>> amplifies a claim or theory in the [original
>> motion] may, in the District Court's discretion,
>> relate back to the date of [the original motion]
>> if and only if the [original motion] was timely
>> filed and the proposed amendment does not
>> seek to add a new claim or to insert a new
>> theory into the case.

<u>Id.</u> at 505 (*quoting* <u>United States v. Thomas</u>, 221 F.3d 430, 431 (3d Cir. 2000)).  The

court need not determine whether defendant's *Blakely* claim is simply an

amplification of his timely filed *Apprendi* claims or whether it is, in fact, a new claim.

Defendant is not entitled to any relief under *Blakely* because his conviction was final

before the Supreme Court issued its decision in that case.[3]   *See* <u>United States v.</u>

---

case, defendant's motion is deemed filed as of August 28, 2003, rather than the September 2, 2003 date reflected on the court's docket sheet.  *See* <u>United States v. Gray</u>, 182 F.3d 762, 766 (10th Cir. 1999) ("Because the only evidence of the date appellant gave his motion to prison authorities for mailing is his certificate of service, which contains a declaration compliance with 28 U.S.C. § 1746, that he did so on April 21, appellant's motion was timely.").

[3]In addition, it is not at all clear that defendant would have any claim under the rule announced in *Blakely* and extended to the United States Sentencing Guidelines by <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  In this case, defendant agreed at the sentencing hearing that the government could prove defendant possessed 1.5 kilograms of crack cocaine.  Reporter's Transcript of Proceedings Had on February 7-8, 2001 at 8.  Thus, defendant admitted a sufficient quantity and type of contraband to sustain a Base Offense Level of 38.

Price, 400 F.3d 844, 849 (10th Cir.), *cert. denied*, 126 S. Ct. 731 (2005) ("we hold that Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004.").

Turning to the merits of the initial 2255 motion, the court finds it need only address defendant's first claim for relief as all other claims are barred by defendant's plea agreement.  The first claim, which presents an ineffective assistance of counsel claim challenging the validity of the plea, is not subject to waiver.  United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).  Ineffective assistance claims that do not relate to counsel's performance in the negotiation of the plea are, however, subject to express waivers of collateral rights.  Id.  Likewise, "claims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver."  Id. at 1184.

To establish a claim of ineffective assistance of counsel, defendant must show that counsel's performance was deficient in that it "fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In applying this test, the court must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir.), *cert. denied*, 537 U.S. 1093 (2002) (*quoting* Strickland, 466 U.S. at 690).

The proper measure of attorney performance is that of reasonably effective assistance under prevailing professional norms, considering all of the surrounding circumstances. The Court has been crystal clear that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." For that reason, a reviewing court must "reconstruct the circumstances of counsel's challenged conduct [and] evaluate [that] conduct from counsel's perspective at the time." Because of the difficulties that inhere in such a process, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

Bryan v. Mullin, 335 F.3d 1207, 1217 (10th Cir. 2003), *cert. denied*, 541 U.S. 975 (2004) (*en banc*) (citations omitted). In addition to establishing that counsel's performance was deficient, defendant must also show that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. The court need not address whether counsel's performance was deficient if defendant fails to prove actual prejudice. To establish prejudice in the guilty plea context, defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The court finds defendant cannot establish counsel's performance was deficient. Defendant's assertion that counsel was ineffective because he led

defendant to believe that he would receive a 30 year sentence is insufficient.[4]  The Tenth Circuit has held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993), cert. denied, 510 U.S. 1184 (1994).  Defendant's erroneous expectation that he would receive a 30 year sentence also does not render his plea involuntary. Wellnitz v. Page, 420 F.2d 935, 937 (10th Cir. 1970).  Likewise, counsel cannot be deemed deficient for failing to advise defendant of the requirements imposed by Apprendi since Apprendi was issued more than two months after defendant's plea of guilty was accepted.[5]  See Cockerham, 237 F.3d at 1190.  As counsel's performance did not fall below an objective standard of reasonableness, defendant is not entitled to relief on Ground One.  As the other grounds do not relate to counsel's performance in negotiating the plea, they are subject to the waiver contained in his plea agreement.  Moreover, defendant's assertions that he was misled by promises made by the government and that the type and quantity of the drugs at issue were not properly established are specifically contradicted by the

---

[4]Moreover, this assertion is belied by the record.  At the plea hearing, defendant was specifically advised that the maximum sentence was life imprisonment, that the maximum punishment remained the same whether he pled guilty or was found guilty after trial, and that the sentence he received was solely a matter for the court to decide.  Reporter's Transcript of Proceedings Had on May 5, 2000 at 5, 7, 9.  The court took great pains to ensure that defendant understood that the maximum sentence was life.  See id. at 13.

[5]Defendant pled guilty on May 5, 2000.  The Supreme Court issued its decision in Apprendi on June 26, 2000.

8

record in this case.[6]  Defendant's challenge to whether a conspiracy in fact existed is not only waived, it is also foreclosed by his plea of guilty.  *See* <u>North Carolina v. Alford</u>, 400 U.S. 25, 32 (1989) (guilty plea constitutes admission defendant committed the crime charged).

For the foregoing reasons, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 128) and the Supplement to 28 U.S.C. § 2255 for New Supreme Court Case Blakely v. Washington, No. 02-1632, June 24, 2004 (Doc. No. 147) are DENIED.  Judgment will issue accordingly.

It is so ordered this 24th day of March, 2006.

TIM LEONARD
United States District Judge

---

[6]During the plea colloquy, the court specifically asked defendant if he was "aware of any other commitments made by yourself or your attorney or Ms. Maye or any other person in the United States Attorney's Office or any other investigating officer other than what is in that written plea agreement?"  Reporter's Transcript of Proceedings Had on May 5, 2000 at 12.  Defendant answered "no" to this query.  <u>Id.</u>  *See also* n.3 *supra*.